————o————

SAM'L P. TATE, Respondent, vs. M., K. & T. RAILWAY COMPANY, Appellant.

1. *Evidence—Value of property—Opinion of witness.*—In cases involving the value of property, the opinion of witnesses familiar therewith may be received.

2. *Corporations, municipal—Liability of in damages for grading of streets.*— It is the settled law of this State that a municipal corporation is not liable for damages indirectly resulting to the proprietors of lots within the corporation, from the grading of streets or from changes in the grade, authorized by the municipality.

3. *Corporations, municipal—Liability for occupation of streets by railroads.*— Where a municipal charter so allows, a railroad may be constructed on a street by permission of the municipal authorities, and neither the municipality nor the railroad company will be responsible for the inconvenience and damage resulting from such construction. But this rule applies only to a railroad con-

| 64 | 149 |
| 50a | 488 |
| 64 | 149 |
| 120 | 160 |
| 56a | 603 |
| 64 | 149 |
| 126 | 36 |
| 64 | 149 |
| 142 | 183 |
| 74a | 144 |
| 64 | 149' |
| 149 | 495 |
| 150 | 465 |
| 78a | 74 |
| 80a | 90 |
| 64 | 149 |
| 163 | 278 |
| 65 | 149 |
| 102a | 567 |
| 64 | 149 |
| e179 | ³708 |

structed on the grade of the street, where the only obstruction is the passage of the trains, and not where embankments have been made above the grade, or where the street is used for side tracks or other structures for the conven ience of the road.

4. *Instructions not misleading, revision of by Supreme Court.*—It is not to be expected that instructions in a *nisi prius* court will not be subject to criticism. It is only proper for a revising court to see that in the main they are not cal culated to mislead.

5. *Railroad—Lessee—Nuisance, liability for.*—A party in whose possession and control a railroad is placed, with power to continue its use, is equally liable with the original owner for a nuisance arising from the manner of its con struction.

### Appeal from Randolph Circuit Court.

Plaintiff sued to recover damages occasioned his lots, which abut on Moulton street, in Moberly, by reason of the building and construction of the railroad bed and track on the street in front of his lots, and the throwing up of an embankment in front thereof.

The plaintiff introduced evidence tending to prove his ownership and possession of the lots, their location and surrounding ; that Moulton street was a public street in the town of Moberly, ninety feet in width, and extended in front of his lots ; that in the early part of 1873, the railroad and road-bed, cross-ties, track, etc., were built and constructed on Moulton street, and a grade and embankment therefor, from two to six feet in height, thrown up in front of plaintiff's lots ; that since the construction of said railroad it was operated by appellant, and appellant stood cars thereon for loading and unloading.

Plaintiff also introduced in evidence a resolution of the board of trustees of the town of Moberly, authorizing the appellant to construct the railroad over and upon Moulton street.

Defendant then introduced evidence tending to show that the Tebo & Neosho Railroad Company, under its charter, was located and established, from Boonville by way of Fayette, to Moberly, and over said Moulton Street in front of these lots.

For other facts see opinion of court.

*John Montgomery, Jr.*, for Appellant.

The instructions do not properly declare the law. Where the railroad company is authorized by its charter, or the ordinances of a city, to construct a railroad over any of its streets, they have a right to do so, and to use it for the ordinary purposes of a railroad, as a means of travel and transportation. (Porter vs. N. Mo. R. R. Co., 33 Mo. 137; Lackland, Adm'r, vs. N. Mo. R. R. Co., 34 Mo. 274; Lackland, Adm'r, vs. N. Mo. R. R. Co., 31 Mo. 186.)

In the case in 33 Mo. *supra*, the court says such damages as grow out of the construction of a grade and embankment upon a portion of the street are *damnum absque injuria*. And the doctrine is supported by authority. (1 Redf. R. R., 259, § 70; also p. 316; Elliott vs. Fair Haven & Westville R. R. Co., 32 Conn. 580; New Albany R. R. Co. vs. Daily, 12 Ind. 551; Nicholson vs. N. Y. & New Haven R. R. 22 Conn. 82; Gould vs. Hudson River R. R. Co., 2 Seld. 538.)

The difficulty of crossing a railroad track, the detention by trains, the frightening of horses, the danger to persons crossing the track, the noise of the train and various other things that might be named, are inconveniences which property owners, on a street where a railroad is located, have to suffer; and yet to hold that such could recover damages, would in effect prevent the construction of a railroad upon a public street. (Stone vs. Fairbury & N. W. R. R. Co., 68 Ill. 394; 113 Mass. 58; Moses vs. Pittsburg, Fort Wayne & Chicago R. R. Co., 21 Ill. 522; Proprietor of Locks and Canals vs. Nashua & Lowell R. R. Co., 10 Cush. 385.)

For works of a public nature erected by authority of the legislature, unless the statute makes provision for the recovery of consequential damages, no action can be maintained therefor, if the work be constructed in a careful and prudent manner. (City of St. Louis vs. Gurno, 12 Mo. 418; Lambert vs. City of St. Louis, 15 Mo. 185; Proprietors of Locks and Canals vs. Nashua & Lowell R. R. Co., 10 Cush. 385; 8 Gray, 423; 23 Barb. 488; 49 Barb. 121; 16 Barb. 106; Mellon vs. West R. R.

Corp., 4 Gray, 301 ; Lackland vs. N. Mo. R. R. Co., 31 Mo. 185.)

The use which defendant was authorized and had a right to make of this street, was to occupy it with its track and run its cars and trains thereon in the usual course of its business, and unless the defendant constructed its road in an improper manner, or wantonly or negligently ran its cars so as to cause needless damages to abutting property, no action for damages can be maintained. (Hatch vs. Vermont Cent. R. R., 25 Vt. 49 ; Whitcomb vs. Same, 25 Vt. 49 ; N. Y. & Erie R. R. Co. vs. Young, 33 Penn. St. 180 ; Hortoman vs. Lex. & Cov. R. R. Co., 18 Mon. 218 ; Arnold vs. Hudson River Rl'y Co., 49 Barb. 108 ; Cleveland & Pittsburg R. R. vs. Speer, 56 Penn. St. 325 ; Williams vs. N. Y. Cent. R. R. Co., 16 N. Y. 103 ; Crawford vs. Delawne, 7 Ohio St. 459 ; Cincinnati vs. Spring Grove Av. Rl'y Co., 14 Ohio St. 523.)

And the damages for which plaintiff was entitled to recover were such personal inconveniences suffered by him in his business or in his access to his property, not suffered by the public at large. (Ang. Highw. § 285 ; Lackland vs. N. Mo. R. R., 34 Mo. 267 ; Brainard vs. Conn. River R. R., 7 Cush. 506 ; Stetson vs. Faxon, 19 Pick. 147 ; Proprietors Quincy Canal vs. Newcomb, 7 Metc. 276 ; Smith vs. Rector, 7 Cush. 254 ; Hughes vs. Prov. & Wor. R. R., 2 R. I. 493 ; Radcliffe, Ex'rs, vs. Mayor of Brooklyn, 4 Comst. 207.)

*McCann & Rutherford,* for Respondent, cited : Williams vs. Natural Bridge Plank Road Co., 21 Mo. 581 ; Lackland vs. N. Mo. R. R. Co., 31 Mo. 180 ; Lackland, Adm'r, vs. N. Mo. R. R. Co., 34 Mo. 259 ; Thurston vs. City of St. Joseph, 51 Mo. 510.)

NORTON, Judge, delivered the opinion of the court.

This suit was instituted to recover damages for injury to four lots owned by plaintiff abutting on Moulton street, in the town of Moberly. The petition alleges that defendant in the construction of its road on said street erected an embankment from three to seven feet high in front of said lots, and allowed its cars,

coaches and trains to stand on its track, whereby the use of said street was destroyed and ingress and egress to plantiff's lots prevented. The allegations of the petition are denied by answer. The case was submitted to a jury and a verdict was found for plaintiff upon which judgment was rendered and from which defendant appeals.

It is urged by the defendant that during the progress of the trial the court admitted improper and illegal evidence against his objection, and also that the court erred in giving the instructions asked for by the plaintiff, and in refusing six instructions which were asked for by defendant. These are the only points presented in the record. During the trial the court allowed witnesses, after a proper examination touching their knowledge of the subjects, to testify as to the market value of the lots, both before and after the obstruction placed in the street in front of them. It is insisted that this evidence should not have been admitted because it was the mere expression of an opinion of the witness.

The general doctrine is that a witness should not be allowed to give his opinion, but should be confined to the statement of facts, leaving the conclusion to be arrived at to the jury. This rule however is not of universal application. In questions involving the value of property the opinion of witnesses may be received, and in such cases there is an exception to the general rule. Witnesses familiar with the value of property are permitted to state their opinion as to its value. (Sedg. on Dam. 752; Thomas vs. Mallenkrodt, 43 Mo. 58 ; Lay vs. Hopkins 5 Denio, 84 ; Robertson vs. Knapp, 35 N. Y. 91; Clark vs. Baird, 5 Seld. 183.)

The objection of the defendant to the evidence admitted was therefore properly overruled.

The following instructions were given for plaintiff :

1. If defendant constructed its railroad on the street in front of plaintiff's lots, by making an embankment or grade along the line of the street, and placed thereon cross-ties and track for its road, and uses the same for switch or side track purposes by standing thereon cars or trains of cars, and thereby has unreasonably and materially obstructed the use of said street, or has ma-

terially obstructed the way to and from said lots so as to lessen the value of plaintiff's lots, the jury will find for plaintiff.

2. If the defendant located and constructed its railroad in the street in front of plaintiff's lots by making its road-bed and grade, and placing thereon cross-ties and track for its road, above the grade or level of said street, or uses the same for switch or side track purposes, by standing cars thereon not in other use, and has thereby unnecessarily impaired the usefulness of said street, or has failed to restore said street to its former condition of usefulness, so that the lots of plaintiff, as a consequence, are injured in value, the jury will find for plaintiff.

3. The measure of damages is the reduction in the market value of said lots caused by such use and location of defendant's railroad in said street: said damages not to exceed the sum sued for in plaintiff's petition.

4. Although the jury may believe from the evidence that the Tebo & Neosho Railroad Company built the road and embankment in Moulton street, opposite the plaintiff's lots, if they further believe that said railroad and embankment were so built as to obstruct the free use of said Moulton street, and thereby did damage the plaintiff's lots, and that said railroad has been put into defendant's possession by said Tebo & Neosho Railroad Company, with full power and authority to continue said obstruction by the use and operation of said railroad in said street, and that defendant has since continued said obstruction by the use and operation of said railroad in said street, then the jury are instructed that defendant is equally liable for the same.

It is objected that there was no evidence on which to base the first instruction. This objection is not well founded, because the evidence showed that the resolution of the board of trustees conferred upon defendant the right of way and privilege to build and operate its road along said street, and that from the time of its completion it was in the possession of defendant and has ever since been operated by him.

It is further objected that the word "value," as used in the first and second instructions, and the words "market value," as used in the third, render them inconsistent. This objection is frivol-

ous.   The words "market value" in the third instruction being explanatory of the word "value" as used in the first and second.

The third instruction is objected to because it is contended, that under it the jury could consider damages which might have resulted from the ordinary use of the street by defendant, as a railway, in the carrying on of its business.   If the instruction were susceptible of this interpretation it should not have been given, but we do not think it admits of such a construction.   The jury are told in it that the measure of damages is the reduction in the market value of the lots caused by "such use and location," which words refer to the use and location described in the two preceding instructions.   If this were not clearly so, the eighth instruction, given for defendant, would so qualify it as to relieve the second instruction from the objection made to it.   The three instructions given may well rest on the authority of Lackland vs. North Mo. R. R. Co., 31 Mo. 180.

The evidence in the case tended to show that the embankment in Moulton street was built by the Tebo & Neosho road, and that on the completion of the road it was put in the possession and under the control of defendant, and has ever since been operated by him.

The fourth instruction directs the jury that if the embankment was built by the Tebo & Neosho road, so as to obstruct the free use of the street, and that the same was put into defendant's possession with power and authority to continue the same, the defendant was equally liable with the Tebo & Neosho road.

It has been held that when one person erects a nuisance and places it in the possession and under the control of another, and it is by him continued, each is liable to answer in damages for an injury resulting therefrom.   (Staple vs. Spring, 10 Mass. 77; Moon vs. Dame Brown, 3 Dyer, 320; Bonwell vs. Prior, 2 Salk. 460--4.)

The fourth instruction was based on the above principle and was therefore properly given.

The first, third, fourth and fifth instructions, asked for by defendant, asserted the law to be directly opposite to the above

view, and were therefore properly refused. The second and sixth instructions for defendant, which were refused by the court, and the seventh, eighth, ninth, tenth and eleventh, which were given, are as follows:

2. In ascertaining the damages which may have been done plaintiff, by reason of defendant permitting cars, coaches, or engines to remain standing upon the track built in front of his lots, the jury will take into consideration the fact that the defendant has and had a right to use said track as a means of travel and transportation, and use for its trains and engines, and it is liable to damages only for a negligent or improper use of said track by defendant; and the damages, if any, to be ascertained, are only such as result from an improper use of said track or a use thereof not necessary to the proper conduct and management of defendant's business upon said track.

6. The jury are instructed that the Tebo & Neosho Railroad Company had a right, under their charter, to build and construct a railroad over and upon said Moulton street and in front of plaintiff's lots, and had a right to permit the defendant to operate the same, and in no event can either of said railroad companies be held liable for any damages occasioned plaintiff by the construction and building of said railroad over said street, or for permitting said railroad and embankments or obstructions to remain thereon, except so far as the obstructions or embankments prevent the plaintiff from using said street on which the track is laid, when not in the actual use of defendant; and the jury will not take into consideration any damages which may have been done the plaintiff by reason of the taking and using of said street for the purpose of a railroad, as a means of travel and transportation, and the running or standing of coaches, cars or engines thereon by defendant, so far as was necessary for the proper conduct of its business, but only such damages as may have been done plaintiff by reason of said track being improperly built or constructed and used.

7. The court instructs the jury that they will not take into consideration any damages caused after the filing of the petition in

this cause by reason of the allegations and charges made by plaintiff.

8. The damage which the plaintiff is entitled to recover in this action, on account of the standing of coaches, cars or engines upon the track in front of said lots, must be confined to such damages as have been occasioned him by the negligence or improper use of said track by defendant, and not such as may have resulted from the ordinary use thereof by defendant as a railway in the necessary carrying on of its business operations.

9. The defendant had a right to run its cars and engines over said road in front of plaintiff's lots, and in the operation of its business upon said road to stand cars in front of plaintiff's lots, provided the same was done in the ordinary and necessary use of the said road in its business thereon, and not so as to create a nuisance in front of said lots.

10. In determining whether other causes beside the standing of defendant's cars on said road in front of plaintiff's lot helped to depreciate the same, the jury will take into consideration all the facts given in evidence, the location and character of the ground, its nearness to the St. Louis, Kansas City and Northern Railway, the means of approach to the same, its suitableness for business or residence purposes, as well as its relative position with reference to the business parts of the town, and the extension of said business parts of town from said lots, and all the surroundings as given in evidence.

11. Although the jury may believe from the evidence that plaintiff's lots were depreciated in value before the 2d day of August, 1873, yet if the jury further believe from the evidence that other causes beside the standing of defendant's cars on said road in front of said lots, besides the construction thereof, helped to cause said depreciation, then defendant is not liable for the depreciation made by such other causes, but only for such damage as directly results by reason of the acts of defendant.

The giving of the 7th, 8th, 9th, 10th and 11th instructions considered in connection with the 1st and 3rd, which were given for plaintiff, superseded the necessity for giving the second and sixth. They submitted the identical propositions to the jury which were

contained in the instructions which were refused, and the defendant had the benefit of them. Multiplicity of instructions upon the same proposition tends to confuse rather than enlighten.

We think that the instruction given fairly presented the law of the case, and perceiving no error in that respect, nor in the admission of evidence, the judgment is affirmed. Judges Sherwood and Napton concur ; Judge Hough expressing no opinion.

Per NAPTON, Judge, concurring.

It may be considered as settled in this State, as it has previously been in nearly all the other States, that a municipal corporation is not liable for damages indirectly resulting to proprietors of lots within the municipality by the grading of the street or by changes in the grade authorized by the municipality. No private property is in such cases taken for public use, within the meaning of our State constitution, whose language on this topic is mostly copied from the Magna Charta of England. Nor is it probable that any injustice is done, since proprietors of lots have an eye, in their purchases, to this liability of their lots being thrown below or above grade.

It is further determined, that where the charter of the municipality so allows, a railroad may be constructed on a street by permission of the municipal authorities, and neither the municipal corporation nor the railroad company will be responsible for the inconvenience and damage resulting from such construction. (Porter vs. N. Mo. R. R. Co., 33 Mo. 128.) But these principles apply only to a railroad constructed on the grade of the street, where the only obstruction is the passage of trains, and not where embankments have been made above the grade, or where the street is used for side tracks or other structures for the convenience of the road. For those purposes the railroad company must procure sufficient ground, not altogether dedicated to uses entirely inconsistent with the purposes they propose to apply it. (Lackland vs. N. Mo. R. R. Co., 31 Mo. 180.)

These general principles seem to be agreed on. The difficulty in this case is in reconciling these general established principles to the instructions given. It is not to be expected that instruc-

tions given in the hurry of a *nisi prius* trial will not occasionally be subject to criticism. It is only proper for a revising court to see that in the main they are not calculated to mislead.

The instructions in this case seem designed to express the principles applicable to the facts proved on the trial, and although they seem to me somewhat ambiguous, yet the verdict of the jury indicates that they were not misled. I therefore concur in affirming the judgment.