Macfarlane, J.
Plaintiff, a business corporation, sues defendant, a railroad corporation, the object of which was to enjoin defendant from building and maintaining double tracks of its railway on the east side of Hall street, in front of plaintiff’s property. A demurrer to the petition was sustained and plaintiff appealed. •
The facts as shown by the petition are in substance as - follows: Hall street, one hundred feet in width, runs north and south in the city of St. Louis. Plaintiff owns land fronting on the east side of said street eight hundred and eighty feet. He acquired and uses *461 said land for a lumber yard, planing mill and saw mill, and bas erected on the eastern portion thereof ^mills and other improvements of great value. An ordinance of the city requires a sidewalk twenty feet wide on each side of every street one hundred feet in width, and permits merchants and manufacturers to occupy one half of such sidewalk for the purpose of receiving and shipping goods. Plaintiff is a merchant and manufacturer, and needs for the purposes aforesaid, the eastern half of such sidewalk where the same abuts on his said property.
Eor several years prior to the institution of the suit under authority of ordinances of the city the center part of Hall street had been occupied by four tracks of two steam railways. The whole of the east side of the street is thereby taken up by these railway tracks, except the sidewalk and about four feet adjacent thereto.
In December, 1889, the city of St. Louis passed an ordinance whereby defendant was authorized to construct and operate a railroad with double tracks along Hall street in front of the property of plaintiff. In pursuance of the authority contained in this ordinance, plaintiff located and afterward constructed two railroad tracks oh the east side of said street where the same abuts upon plaintiff's property. The tracks so built practically occupy the whole of the sidewalk, by which the street is rendered utterly useless as a public thoroughfare for ordinary travel and plaintiff is permanently hindered in the use of the sidewalk and street, as well as ingress to and egress from his property, etc.
The foregoing statement is sufficient to show that the facts make a case in all material particulars the same as that of Knapp, Stout & Co. v. Railroad, 126 Mo. 26.
*462 It was in that case held that the tracks of a steam railroad “placed on what is properly the sidewalk, close up to the plaintiff’s lot, is an unlawful structure, one which the city did. not and could not legalize, as against the rights of plaintiff. The injury inflicted upon the plaintiff is of a continuous character, and the case is one calling for equitable relief.”
In the case of Lockwood v. Railroad, 122 Mo. 86, it •was held that the city of St. Louis could not authorize the construction and operation of a steam railroad through a street so narrow that such use will necessarily destroy it as a public way and deprive abutting owners of access to their property. It was further held in that ease that the property owner was entitled to injunctive relief.
The petition of plaintiff makes as strong a showing for equitable relief as was made in either of these cases. For the reasons given in them the judgment is reversed and the cause remanded, with leave to the defendant to plead to the petition if it desires to do so.
Babclay, J., not sitting. Bbace, C. J., and Robinson, J., concur.