SHERLOCK *et al.* v. KANSAS CITY BELT RAILWAY COMPANY, *Appellant.*

Division Two, December 22, 1897.*

1. **Streets and Alleys:** RIGHTS OF ABUTTING OWNERS. Abutting owners have the right appurtenant to their property of access to it over the adjacent streets and alleys, and this right is as inviolable as the right to the property itself.

2. ———: USE OF STREETS BY RAILROADS: QUALIFICATION OF DOCTRINE. The doctrine that "the laying of a railroad track on an established grade and operating a steam railroad thereon, does not subject the street to a servitude different from that which was contemplated in its original dedication" for public travel as a thoroughfare, is not accepted by this court without qualification.

3. ———: FRANCHISE FOR PRIVATE USE. A railroad laid in a street without municipal authority is a public nuisance, and the franchise must be granted for public and not for private purposes; but a switch track constructed in an alley by authority of the city, and connecting with the main line of, and operated by, a railroad company, is for public use. (Following, *Brown v. Railroad,* 137 Mo. 529.)

4. ———: MUNICIPAL AUTHORITY: EXCLUSIVE USE. A city has no power to grant the exclusive use of any highway to any one person or corporation.

5. ———: MUNICIPAL AUTHORITY: EFFECT OF FRANCHISE TO RAILROAD. A city has no power to grant the use of an alley to a railroad company to lay its tracks therein, and operate its engines and cars thereon, if the ordinary and reasonable effect of such a grant will be to prevent, or unreasonably impede or obstruct the passage of vehicles belonging to the abutting owners or other members of the public desiring to use such alley.

*NOTE.—Decided October 22, 1897; motion for rehearing filed and denied December 22, 1897.

6. **Time of Bringing Suit:** INJUNCTIVE RELIEF.  Where a railroad company, under a grant from a city, has leveled an alley to the grade prescribed by ordinance, and has constructed its permanent track, and concedes that it proposes to operate its trains thereon, an injunction will not be denied to abutting owners on the ground that the injury is yet only threatened.

7. **Constructing Railroads in Streets:** EXCLUSIVE USE: REMEDY. Where the facts of a case show that the construction and operation of a railroad in an alley, in accordance with a city ordinance granting the company authority to do so, would give such company a monopoly of the use of such alley, the courts will grant a perpetual injunction enjoining the company from constructing, operating or maintaining its railroad in said alley, and directing it to remove the track already constructed therefrom.

*Appeal from Jackson Circuit Court.*—HON. EDWARD L. SCARRITT, Judge.

AFFIRMED.

*Pratt, Dana & Black* for appellant.

(1)  The only damage which the evidence showed plaintiffs' property to have sustained by defendant's acts, under the ordinance, which authorized it to do certain work in the alley, was caused solely by lowering the natural surface to the grade established by the city.  This damage did not entitle plaintiffs to injunctive relief. *First.*  Because no claim therefor was made in the petition.  *Second.*  Because at the hearing plaintiffs disclaimed any right to recover therefor. *Tomlinson v. Ellison,* 104 Mo. 105.  *Third.*  Because the damage was in law *absque injuria.  Davis v. Railroad,* 119 Mo. 180; *Van DeVere v. Kansas City,* 107 Mo. 83; *Julia Bldg. Ass'n v. Bell Tel. Co.,* 88 Mo. 275; (2) The track which defendant proposed to lay in the alley, in conformity with the provisions of the city ordinance, was not for private but for public use.  This appears, *first,* from the evidence as to the situation and the occasion for the construction of the track; *second,*

it follows from the duties imposed upon defendant by its charter. Const. Mo., art. XII, sec. 14; R. S. Mo. 1889, art. II, chap. 42; *Deitrich v. Murdock*, 42 Mo. 279; *Brown v. Railroad*, 38 S. W. Rep. 1099. (3) The evidence failed to show that either the construction or maintenance or operation of defendant's proposed track in the alley would, as claimed by plaintiffs, destroy the alley as a public thoroughfare and devote it to defendant's exclusive use. *Prima facie*, the proposed construction, maintenance and operation of the track, under the city ordinance, was lawful and not a nuisance, and the burden rested on plaintiffs to prove that the power exercised by the municipality was improperly exercised in this particular case. *Brown v. Railroad, supra; Cross v. Railroad*, 77 Mo. 321; *Railroad v. Railroad*, 97 Mo. 469; *Gaus Mfg. Co. v. Railroad*, 113 Mo. 308. (4) The apprehended nuisance existed only in the imagination of plaintiffs, and the evidence showed no ground for its existence there. The damages which plaintiffs thought they might sustain from the operation of this track, being only speculative and contingent, did not entitle them to injunctive relief. *Julia Bldg. Ass'n v. Bell Tel. Co.*, 88 Mo. 275; *Railroad v. Schneider*, 30 Mo. App. 620; 1 High on Injunctions [2 Ed.], secs. 742, 743; 10 Am. and Eng. Ency. of Law, p. 783, and note 1 at p. 836, and cases cited.

*Kenneth McC. De Weese* for respondents.

(1) The right of plaintiffs to the use of the street (alley) adjoining their property, and upon which it abuts, is as much property as their lot. *Spencer v. Railroad*, 120 Mo. 154; *Lackland v. Railroad*, 31 Mo. 183; *Householder v. Kansas City*, 83 Mo. 488; *Sheehy v. Railroad*, 94 Mo. 574; *Chicago v. Taylor*, 125 U. S. 165; *Tate v. Railroad*, 64 Mo. 149. (2) A city can not au-

thorize the construction of a railroad track, even though it be laid on the surface of a street or other highway or thoroughfare at the established grade, if in so doing such construction would amount to a monopoly or practical appropriation of the street to the railroad company, and to the practical exclusion therefrom of the public generally, and the abutting property owner, even though such railroad track was for public use. *Lockwood v. Railroad*, 122 Mo. 86; *Knapp, Stout & Co. v. Railroad*, 126 Mo. 29; *Schulenberg v. Railroad*, 129 Mo. 455. (3) This is not a "grading case." *Spencer v. Railroad*, 126 Mo. 154. (4) Equitable jurisdiction may be invoked in view of the inadequacy of the legal remedy. When the injury is destructive of, or of a continuous character, or irreparable in its nature, the appropriation of private property to public use under color of law, but in fact without authority, is such an invasion of private rights as may be assumed to be irremediable, if indeed relief may not be awarded *ex delicto justitia*. *Osborne v. Railroad*, 147 U. S. 253; *Baltimore, Etc., Co. v. Baptist Church*, 108 U. S. 317; *Cramp v. Lambert*, L. R. 3 Eq. 409; *Schopp v. St. Louis*, 117 Mo. 131; *Glassner v. Anheuser, Etc., Co.*, 100 Mo. 508; *Knapp, Stout & Co. v. Railroad*, 126 Mo. 26; *Schulenberg, Etc., Co. v. Railroad*, 129 Mo. 455; *Osborn v. Railroad*, 37 Fed. Rep. 830. (5) There can be no question that a railroad track constructed in a street or other public highway without legislative sanction and authority, would be an unlawful structure and consequently a public nuisance. Before a railroad company can lawfully occupy a street with its track or tracks, it must have authority to do so from the legislature, or from some municipal corporation upon which the legislature has conferred power and authority to make such grant. A railroad company can not occupy a street under its general authority, but such right must be expressly granted or necessarily implied. A

municipal corporation can not give a valid consent to such occupation without express authority conferred upon it by the legislature of the State so to do. *Lewis on Em. Dom.*, sec. 116, pp. 151–153; *Cape Girardeau, Etc., Co. v. Renfroe*, 58 Mo. 565; *Railroad v. Baptist Church*, 108 U. S. 317; *Illinois, Etc., Co. v. St. Louis, Etc., Co.*, 2 Dill. 84. (6) The city has no power to devote the streets to a use which is unusual, is of a permanent character, and for a purpose which is purely private. 3 Elliott on Railroad, sec. 1089; *Railroad v. Mills*, 85 Mich. 634; *Lockwood v. Railroad*, 122 Mo. 98; *Knapp v. Railroad*, 126 Mo. 37. (7) If the ordinance in question is valid, and is accepted by the company, and money thereafter expended upon the work, it would constitute a contract between the railroad company and the city and would set apart and surrender to the railroad company the exclusive use of the alley in question. *State ex rel. v. Miller*, 66 Mo. 329; *Hovelman v. Railroad*, 79 Mo. 632; *State ex rel. v. Railroad*, 85 Mo. 263; *Belcher Sugar Ref. Co. v. St. Louis, Etc., Co.*, 82 Mo. 127; *Ib.*, 101 Mo. 192.

GANTT, P. J.—This is an appeal from a decree of the circuit court of Jackson county perpetually enjoining the defendant, a steam railroad company, organized under the laws of this State, from constructing its track and operating its engines and cars along a public alley from Seventeenth to Eighteenth streets and between Walnut street and Grand avenue, in Kansas City, Missouri.

The plaintiffs are the owners of lot 367 in block 28 in McGee's addition in Kansas City. Said lot fronts on the west side of Grand Avenue with a width thereon of forty-nine and one half feet and runs westwardly one hundred and fifteen and six tenths feet to said alley. Said alley is sixteen and one half feet wide, is a public thoroughfare dedicated as an al-

ley when the addition was platted, and extends north and south through several blocks, ending at the south at defendant's yards and at the north end between Fifteenth and Sixteenth streets. At the commencement of this suit plaintiffs were the owners of two livery and sale stables on their said lots and said stable abutted on said alley and said alley was used by the lessee in removing manure from the rear of the stable. Some time in the year 1891 the common council of Kansas City, by ordinance, granted the defendant company the right to construct, maintain and operate a switch track north and south along said alley through blocks 18, 23 and 28 of McGee's addition from the south line of Eighteenth street to the north terminus of said alley and to cross Sixteenth, Seventeenth and Eighteenth streets with said tracks, and in 1894, by another ordinance, granted the right to lay a sidetrack not less than twelve nor more than thirteen feet west of the center of said switch track. In October, 1894, under and by virtue of these ordinances the defendant began digging out and grading said alley in the rear of plaintiff's lot to bring it to the grade established in 1877 previous to the erection of plaintiff's building. This grading lowered the surface of the alley from two to five feet. Defendant also began to construct a standard gauge railroad track in said alley and had hauled its material on the ground for that purpose.

The original application for injunction in this case was filed November 3, 1894. A restraining order was granted and November 21 the amended petition was filed upon which the cause was heard. The temporary restraining order was revoked. The petition contains averments of the ownership of the lots in question; the incorporation of the defendant railroad;

the chartering of Kansas City; the nature and relative situation of the adjacent streets and alleys as already stated, and then charges that:

"Afterward and some time on or about the —— day of October, 1894, or some time shortly thereafter, said defendant entered into and upon said alley named, running north and south through said block twenty-eight from Seventeenth street to Eighteenth street as aforesaid and where said lot three hundred and sixty-seven adjoins or abuts upon said alley, and dug out and graded down and removed the earth and stone from said alley where plaintiffs' said lot abuts thereon, to the depth of five or six feet, and are now constructing and intend to construct in said alley a railroad switch track of standard grade in said alley from Eighteenth street to Seventeenth street for private use so *that said alley* along that portion thereof from Eighteenth street to Seventeenth street *will be entirely and wholly occupied by said defendant with its said railroad track and engines and cars used thereon to the exclusion of all other persons whomsoever, and whereby said defendant will wholly destroy said alley as a public thoroughfare and will confine the same to its own exclusive use without lawful authority or any authority whatever and wrongfully to the great and irreparable damage of plaintiffs, which said obstruction so placed and .maintained and intended to be placed and maintained by said defendant in said alley will constitute a public nuisance to the whole public of the State of Missouri and a private nuisance to these plaintiffs.* That in addition to the wrong and injury sustained by these plaintiffs as aforesaid, the said defendant is now constructing and intends to construct across East Eighteenth street and across East Seventeenth street in said city between which said streets the property of plaintiffs abut on said Grand Avenue, a double track railroad switch

track of standard gauge for private use to be used in connection with and as a part of said proposed railroad switch track in said alley; that said East Seventeenth and said East Eighteenth streets are public highways and thoroughfares and are important traveled highways in said city, and that by reason of the construction and operation of said railroad switch track across said East Seventeenth and East Eighteenth streets travel will be diverted from said streets and from said Grand Avenue and thereby decrease the value of plaintiffs' property and take away trade heretofore enjoyed by them; that the said injuries will be continuous, irreparable and unascertainable and can not be compensated in damages. That in addition to the wrongs and injuries sustained by the entire public by reason of the nuisances aforesaid, these plaintiffs will sustain local and specific damages and injuries to their said property and in the use thereof, which said damage and injury is local, peculiar and specific to them and separate and different from that of the public generally or other persons who may suffer injury thereby; that said damage and injury so threatened by reason of the construction of said railroad track and engines and cars will be continuous, irreparable and can not be compensated in damage; that plaintiffs are without adequate remedy at law or any remedy whatever for the injuries and wrongs as aforesaid, except in equity for the abatement of said nuisances and the restoration of said street to the use of the public and especially for the free and open use of these plaintiffs in connection with their said lot. .

"Wherefore plaintiff prays that said defendant may be enjoined and restrained from constructing said railroad track in said alley or from the obstruction and destruction of said alley as a public highway," etc.

Defendant's answer consists, *first*, of a general

denial; *second*, that plaintiffs consented to the build-
ing of said railroad in said alley and led defendant to
believe that it had a right to construct and maintain
the same, and upon faith thereof defendant expended
large sums of money; *third*, that it was a railroad or-
ganized and existing under the laws of Missouri and
Kansas and authorized to maintain and operate a rail-
road and engage in the switching business. Admitted
that it was engaged in constructing a railroad in said
alley, averred that in 1877 Kansas City had established
the grade of said alley by ordinance, and afterward by
ordinance granted defendant the right to construct,
maintain and operate a railroad track over and upon
said alley, and that pursuant to such authority defend-
ant was at the time of the institution of this suit pro-
ceeding to construct said railroad. "That in the con-
struction of said railroad upon said alley, pursuant to
such grant by said city, it was necessary to excavate
the surface of the alley way to the grade established by
said city, and such excavation was made almost to said
grade when the injunction herein was served, and the
plaintiffs claim that by reason of these acts their prop-
erty will be damaged. That the doing of such work
and the construction and maintenance of such railroad
are for the public use, and the amount of compensation
to be paid therefor can not be agreed upon between
the parties; wherefore it becomes necessary for the
court to take some steps to ascertain the amount of
damage, if any, that will be sustained by reason of the
proposed action of defendant. Wherefore defendant
asks that the court take such steps as are necessary to
permit this defendant to acquire the right as against
the plaintiffs to construct, maintain and operate its
said railroad over the said alley, by the appointment
of commissioners, by condemnation proceedings, or in
such other manner as the court may deem proper."

At the April term, 1895, the cause was heard and a perpetual injunction granted enjoining and restraining defendant from constructing, operating or maintaining its railroad in said alley and directing defendant to remove the railroad track from said alley from Seventeenth to Eighteenth streets. From that decree, after proper steps in the circuit court, this appeal is prosecuted.

Upon the hearing in addition to the facts already stated it appeared that after the dissolution of the restraining order and prior to the final hearing the company proceeded to lay its railroad track in said alley; that said track was not laid in the center of said alley; that the cars which said company proposed to use on said track averaged ten feet in width; that it was impossible for teams or vehicles to pass through said alley when said trains were moving therein; that the ordinance of the city placed no limit whatever upon the number of trains defendant might run upon said tracks nor the length of time they should be allowed to stand thereon; that another ordinance of the city required all livery and sale stables abutting upon alleys to maintain doors opening outward upon said alleys to expedite the escape of stock in case of fire. There was also evidence that the rear doors of said buildings were used for carrying out manure and rubbish that would necessarily accumulate in said stables; that when cars were allowed to stand in the alley or were passing there would remain a space of only three and one half feet on either side for the passage of vehicles or animals. There was no evidence that up to the time of the trial the cars of the company had been allowed to stand upon the track in the alley and the then superintendent of the company disavowed any intention of permitting them to do so. The evidence further tended to prove that the operation of the road on said alley in the rear

of said buildings would depreciate their rental value and their market value for sale.

I.  "Few questions have come before the courts in this generation of greater practical importance or involving larger pecuniary interests than those growing out of the construction of railways in city streets. Whether such streets may, under legislative and municipal authority, be occupied by railroad tracks, to the inconvenience of abutting owners, without making compensation, and what limitation, if any, there is to the legislative power over streets which can not be transgressed without violating the legal and constitutional rights of lot owners, are questions which have excited the gravest debate and have been the subject of the most careful judicial consideration." ANDREWS, J., in *Kane v. Railroad*, 125 N. Y. 175.

Judge Cooley, in his Constitutional Limitations [3 Ed.], p. 651, remarks that "it is not easy to trace a clear line of authority running through the various decisions bearing upon the appropriation of highways and streets to the use of any grade or species." And such is and must be the testimony of anyone who attempts to reconcile "the vacillation of the courts on this subject." Streets are highways dedicated primarily for public travel by ordinary methods, but they are not exclusively devoted to that purpose. Elliott on Roads and Streets, chap. 26, p. 524. Abutting owners have the right appurtenant to their property of access to it over the adjacent streets and alleys, and this right is as inviolable as the right to the property. While this court, by a long line of decisions from *Lackland v. Railroad*, 31 Mo. 180, down to and including *Gaus & Sons v. Railroad*, 113 Mo. 308, has held that "the laying of a railroad track on the established grade and operating a steam railroad thereon, does not subject the street to a servitude

different from that which was contemplated in the original dedication," it has been seriously questioned, and it may be gravely doubted whether the weight of modern authority in this country is not rightly arrayed against such a doctrine.   Nor has it been accepted with us without qualification.   A street can not be used for side-tracks, water tanks or like structures.   *Tate v. Railroad*, 64 Mo. 149.   As already stated, the tracks must be laid to grade so that the only obstruction would be the passing of trains, otherwise an action will lie to abutting owners.   *Cross v. Railroad*, 77 Mo. 320; *Smith v. Railroad*, 98 Mo. 24; *Knapp, Stout & Co. v. Railroad*, 126 Mo. 26.   A railroad laid in a street without municipal authority is a public nuisance.   23 Am. and Eng. Ency. Law, 1093.   The franchise must be granted for public and not for private purposes.   *Glaessner v. Brewing Co.*, 100 Mo. 508.   This last proposition brings us to the first contention of the plaintiffs, to wit, that this railroad switch track is a private use of the public highway. It is earnestly insisted by learned counsel for plaintiff that while the defendant is a railroad corporation under the laws of this State and a common carrier, the use for which it proposes to maintain this switch track is private.   This contention must be ruled against plaintiffs.   In *Brown v. Railroad*, 137 Mo. 529, it was ruled that a switch track constructed in an alley by authority of the city, and connecting with the main line of, and operated by, a railroad company, was under article XII, section 14, Constitution of Missouri, for public use.  Said the court: "We can not declare that to be a private use which the law makes a public use."   There, as here, the company constructed and operated the track.   The private merchants who were served by the switch had no control or management of the cars or the business of transportation.   We are satisfied that the principle thus announced is correct.   *Knapp, Stout & Co. v. Rail-*

*road*, 126 Mo. 26. But again, while a municipal corporation may ordinarily authorize the laying of a railroad track in a street or alley, still it must exercise this right in such a manner as not to destroy the use of the street or highway as a public thoroughfare, or unreasonably interfere with the right of abutting owners to have access to and from their property on said highway. It has no power to grant the exclusive use of any highway to any one person or corporation. In *Lockwood v. Railroad*, 122 Mo. 86, this court sustained a decree enjoining the operation of a railroad on a street in St. Louis upon the complaint of abutting owners. The street in that case was twenty-four feet wide between curbs, so that the ordinary business upon the street could not be carried on at the same time with that of the railroad. It was held that the grant was virtually a monopoly of the use of the street and that the city had no power to thus divert the street from the uses to which it had been dedicated.

In *Knapp, Stout & Co. v. Transfer Co.*, 126 Mo. 26, the company was authorized by a city ordinance of St. Louis to lay down, maintain and operate a switch track to connect with St. Louis Union Stock Yards "along the western portion of Hall street." Under this grant the company constructed its railroad along and upon what would be the west sidewalk under the general terms of the ordinances, right up to the line of Knapp, Stout & Company's property abutting on said street. It was evident that such a railroad destroyed the use of the street for ordinary travel. Upon a review of the former decisions of this court, among others *Lockwood v. Railroad*, 122 Mo. 86, this court said: "Taking these cases all in all, it is very clear a municipal corporation has no power to grant to a railroad company such use of a street as will destroy its usefulness as a public thoroughfare, or destroy or

unreasonably interfere with the right of an abutting property holder of access to or egress from his property. . . . . This track, placed on what is properly the sidewalk close up to plaintiff's lot, is an unlawful structure, one which the city did not and could not legalize as against the rights of plaintiff. The injury inflicted upon the plaintiff is of a continuous character and the case is one calling for equitable relief." Afterward in *Schulenburg v. Railroad*, 129 Mo. 455, this court cites both *Lockwood's* case and *Gaus & Co. v. Transfer Co.*, with approval both as to the want of power in the city to authorize a steam railroad through a street so narrow that such use would necessarily destroy it as a public way, and deprive abutting owners of access to their property, and as a proper case for relief by injunction.

The municipal council of Kansas City has large powers over the streets, alleys and public highways of said city, still it must exercise that power in conformity to the Constitution of the State. By the dedication of streets and alleys to public use a trust is confided to the city to preserve and utilize them for that purpose only. The city has no power to destroy the alley on which plaintiffs' property abuts, as a thoroughfare. *Lockwood v. Railroad*, 122 Mo. 86.

More than this, the city has no power to grant the use of this alley to a railroad company to lay its tracks therein and operate its engines and cars thereon, if the ordinary and reasonable effect of such a grant will be to prevent or unreasonably impede and obstruct the passage of vehicles belonging to the abutting owners or other members of the public desiring to use such alley.

Now the facts of this case are so obvious that their bare statement demonstrates that the ordinance permitting the laying of this track with the unlimited

right to run steam engines and cars thereon at all times of day or night practically gives defendant the monopoly of that alley, the very nature of its use by the defendant each time totally obstructing it and excluding all others therefrom. Such a use is not to be compared to that ordinary inconvenience or delay which an ordinary wagon or vehicle may cause to another of like kind. The facts of this case bring it clearly within the principles which governed in *Lockwood v. Railroad*, 122 Mo. 86.

It remains only to consider the objection that as yet the company has not been guilty of the threatened injury. It is, however, conceded that it has constructed its track and proposes to operate its road thereon, and this brings it within the peculiar jurisdiction of a court of equity to prevent a threatened injury. Had the plaintiffs sat idly by until a large expenditure of money had been made, defendant might well have complained but they notified defendant at once and have had recourse to every means in their power to prevent the destruction of this highway on which their property abuts. The nature of the obstruction, the use to be made of the alley as a steam railroad, leaving no passway for animals or vehicles, fully establishes the charges of the petition. It would be a continuous damage to the plaintiffs and they are entitled to the injunction granted. There is no conflict between the views here expressed and the opinion in *Brown v. Railroad*, 137 Mo. 529. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.