## NELS P. J. DONNER, Respondent, v. METROPOLI-TAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, November 16, 1908.

1. **STREET RAILROADS: Increased Servitude: Damage.** The maintenance of a street railroad in a public thoroughfare pursuant to authority granted by the city does not subject the street to an additional servitude; and the damage to an abutting owner is *damnum absque injuria*, unless his injuries are peculiar to him, different in kind and not merely in degree from the rest of the community.

2. ————: ————: ————: **Spur Tracks: Instructions.** Plaintiff owned property abutting on a street occupied by a street railway. The company owned an adjoining lot abutting on the same street on which it maintained car barns. To connect the barns with its tracks spur tracks were run across the sidewalks to the barns. *Held*, the barns were a legitimate use of its property and constituted a part of its railroad, and the city had a right to grant the privilege of laying and operating such spur tracks and the servitude was not different from that contemplated in the original dedication and plaintiff had no cause of action for any incidental injury to his property; and an instruction set out in the opinion is condemned.

3. ————: ————: ————: ————: **Negligence.** While the railroad company could construct the spur tracks it could not do so negligently; and damages arising from negligent construction would be special damages for which plaintiff could recover.

Appeal from Jackson Circuit Court.—*Hon. E. E. Yates,*
Special Judge.

REVERSED AND REMANDED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White*
for appellant.

(1) The petition did not state a cause of action. Whatever damage or inconvenience suffered by plaintiff was borne by the public in general, according to the petition. The allegation therein contained that his damage was special to him was a conclusion. The facts

alleged in detail show that "his customers and the public in general" were put to the same inconvenience he was. This is fatal. Blacke v. Union Depot Co., 140 Mo. 634; Nagle v. Railroad, 167 Mo. 89; Rude v. St. Louis, 93 Mo. 414; Stevenson v. Railroad, 68 Mo. App. 642; Ruckert, v. Railroad, 163 Mo. 278; Hickman v. Kansas City, 120 Mo. 116; Bailey v. Culver, 84 Mo. 531; Dillon on Municipal Corp. (3 Ed.), sec. 730. (2) The demurrer to the evidence should have been sustained because the plaintiff failed to prove any damages not borne by the general public. If the damages suffered by the plaintiff differ only in degree, but not in kind, from that suffered by the public, he cannot recover. Same cases cited in former paragraph. (3) The court erred in giving instruction numbered 1 for plaintiff: (a) There was no allegation or proof that the track was negligently or defectively constructed, or that it was above the level of the street. Hulett v. Railroad, 80 Mo. App. 93. (b) The wrong measure of damages was adopted. Where the structure or nuisance complained of may be removed at any time the measure of damage is not the depreciation of the market value of the property, but the diminution of the rental value and the actual damages sustained thereby up to the time of the beginning of the suit. Smith v. Railroad, 98 Mo. 20; Hulett v. Railroad, 80 Mo. App. 87; Ivie v. McGunigle, 66 Mo. App. 441; Carson v. Springfield, 53 Mo. App. 296; Pinney v. Berry, 61 Mo. 360; Brown v. Railroad, 80 Mo. 457; Smith v. Railroad, 98 Mo. 20; Benson v. Railroad, 78 Mo. 504; Paddock v. Somes, 102 Mo. 239; Van Hoozier v. Railroad, 70 Mo. 145; Dickson v. Railroad, 71 Mo. 575.

*A. N. Adams, W. B. Dickinson* and *Scarritt, Scarritt & Jones* for respondent.

(1) Defendant contends that because the switch complained of is a part of a street railroad and switches

from tracks to car barns are authorized by a municipal ordinance, no damage caused thereby to the plaintiff is recoverable. The cases, we are content to submit, do not support the broad proposition contended for by the defendant and they are not inimical to the plaintiff's right to recover in this case. That we are correctly stating the scope of these decisions is shown by the quotation in the case first cited. Placke v. Railroad, 140 Mo. 638. (2) We assert that it is the settled law of this State that the right of access to and from a city lot and the street upon which it abuts is a property right, which is guaranteed and secured against invasion by the constitution, as solemnly as the right of security against actual physical invasion of the land itself. Elliott on Roads and Streets, p. 302; Sherlock v. Railroad, 142 Mo. 185; Knapp, Stout & Co. v. Railroad, 126 Mo. 35; Lackland v. Railroad, 31 Mo. 187; Lockwood v. Railroad, 122 Mo. 86. (3) There is no merit in appellant's contention that the evidence fails to show any special damage to plaintiff's property.

JOHNSON, J.—This suit is for the recovery of special damages alleged to have been sustained by plaintiff in consequence of the erection and maintenance by defendant of an obstruction in the public street in front of property owned and occupied by plaintiff in Kansas City. Verdict and judgment were for plaintiff in the sum of $1,200, and the cause is here on the appeal of defendant.

The premises of plaintiff are at No. 3229 Troost avenue and consist of a lot twenty feet by one hundred and fifty feet and a two-story brick business building thereon. Plaintiff operates a confectionery store in the building and lives over the store. The property is on the east side of Troost avenue and has a frontage of twenty feet on that thoroughfare. The property immediately to the south is owned by defendant, a street

railway company, and for some time prior to the trial of this cause, had been occupied by barns for the storage, etc., of electric cars in use on defendant's lines in Kansas City. One of these lines, a double track road, runs along the middle part of Troost avenue. Two spur tracks, curved in from the north, connected the east main track with the barns, and cars were run in and out over these spurs, when they were withdrawn from or put into service for the carriage of passengers. The first of these spur tracks is the cause of the present controversy. It was constructed in 1902, and ever since has been, so plaintiff contends, a serious obstruction to free ingress and egress to and from his store. His evidence tends to show that on account of the closeness of this track to his property, the frequency of the passage of cars over it and the fact that it crosses the sidewalk immediately south of that in front of his store, access to his building by his customers is impeded and made somewhat dangerous; that vehicles cannot remain standing for any time in front of his store and that on account of the negligent elevation of the track above the proper grade the sidewalk on that side of the street is not as convenient and attractive to pedestrians as otherwise it would be. It is shown that the market value of plaintiff's property has been greatly depreciated by the presence of this track and the operation of cars over it. Further, it appears that because of the elevation of the track the flow of surface water is arrested and trash and debris collected in front of the store. The cause of action thus is stated in the petition:

"That the defendant, on or about September, 1902, wrongfully and unlawfully constructed and has since wrongfully and unlawfully maintained a switch or spur across the roadway and sidewalk of said Troost avenue in front of and adjoining plaintiff's said lot, from the main line of said Troost avenue car line to defendant's

car barn, situate on a lot adjoining plaintiff's said lot on the south. That said switch or spur is only eight and one-half feet from the curbing at the north line of plaintiff's said lot and from thence curves slightly to a point in the curbing at its intersection with the south line of plaintiff's said lot. That defendant, in the construction of said switch or spur, changed and elevated the surface and grade of the roadway of said Troost avenue in front of and adjoining plaintiff's said lot about eight (8) inches, and destroyed the roadway, the pavement, curbing and sidewalk on said street in front of and adjacent to plaintiff's said lot. That defendant, acting by and through its agents and servants, has wrongfully and unlawfully run its cars during the day and night over said switch or spur into and out of their said barn, not for the purpose of carrying passengers, but for its private use and convenience, since September, 1902, and will continue to so use them until the year 1925. That passengers are not carried over said switch or spur; that in the passage of cars over said switch or spur, the cars extend a distance of two feet over said sidewalk in front of plaintiff's said lot, and thereby defendant permanently appropriates that portion of said sidewalk to its private use.

"That by reason of the wrongful and unlawful construction and use of said switch or spur, and the operation of cars thereon, as aforesaid, passage over and along said Troost avenue in front of said lot is greatly hindered; that, thereby the ingress of plaintiff and his customers, and the public having business with him, to said building from said Troost avenue, is greatly impeded and rendered hazardous; that thereby plaintiff and his customers are greatly hindered in their use of said Troost avenue and the use of the sidewalk in front of said lot of plaintiff; that thereby the value of plaintiff's said lot and the buildings thereon is greatly diminished; that defendant has not paid or tendered plain-

tiff any compensation for the said damage to said property.

"Plaintiff states that the damage caused by the wrongful and unlawful construction and use of said switch or spur and the operation of cars thereon as aforesaid is special to him and his said property, and is not common to other property-owners along said Troost avenue."

The answer contains a general denial and the allegation that the construction and maintenance of the switch was authorized by an ordinance of the city. The proof offered by defendant supports this allegation and the fact alleged is not denied by plaintiff.

The demurrer to the evidence offered by defendant was overruled and at the instance of plaintiff, the court instructed the jury "that if you believe from the evidence the plaintiff is and was at the time hereinafter referred to, the owner and occupant of a certain lot having a frontage of twenty feet on Troost avenue and extending back therefrom one hundred and fifty feet, known and described as the south twenty feet of lot six in Linwood, an addition to Kansas City, Missouri, and the improvements thereon, and that said lot fronts on Troost avenue in said city; that defendant, on or about September, 1902, began the construction and shortly thereafter completed a switch or spur from the main line of the car line on said Troost avenue into its car barn and that the said car barn was situate on the lot adjoining plaintiff's said lot on the south, and that said switch or spur crosses the roadway of said Troost avenue from the said car track at or near the center thereof to the east line of said street in front of and adjacent to the plaintiff's said property, and that said switch or spur was not constructed to be used and has not been used to carry passengers thereon and was constructed to be used and has been used only for the private use of defendant in taking cars to and from

the car track on said Troost avenue to its said car barn, and that by reason of the construction of the said switch or spur and the use thereof, as aforesaid the use of said Troost avenue in front of plaintiff's said lot by the plaintiff and the public has been unreasonably obstructed and impeded, as to the use of said avenue for passage along the same, in front of plaintiff's premises, and for ingress and egress between said property and said street, and that thereby plaintiff's said property has been depreciated in value and damaged to an extent and in a manner that is special and peculiar to plaintiff's said property, and not common to other property along said Troost avenue, then your verdict should be for the plaintiff in such a sum as will compensate him for such damage, and the amount of such recovery, if any, should be the difference between the fair market value of said property before and after the said acts of the defendant, provided that you find from the evidence the value thereof after the said acts of the defendant is less than it was immediately before, and that said difference was caused by the said acts of the defendant."

It is argued by defendant that the demurrer to the evidence should have been sustained on the ground that the facts alleged in the petition and sustained by proof fail to show the existence of any damages suffered by plaintiff of a kind different from that borne by the general public. In Placke v. Railroad, 140 Mo. 634, plaintiff, the owner of property abutting on a public street, brought suit in equity to enjoin the defendant from constructing and operating an electric street railway along the street. The Supreme Court affirmed the judgment which was for the defendant. We quote from the opinion:

"The plaintiff relies upon Lockwood v. Railroad, 122 Mo. 86, as sustaining his claim. That case and the subsequent cases, Knapp, Stout & Co. v. Railroad, 126

Mo. 26, and the Schulenburg & Boeckler Lumber Co. v. Railroad, 129 Mo. 455, decide that a city has no power to authorize such use of a street as will destroy its use as a public thoroughfare, and enjoined the maintenance of steam railroads in said streets under the peculiar circumstances in each of said cases. It is a misapplication of those cases, however, to apply them to the construction of *street* railways unless such street railways are so defectively constructed as to prevent the current use of the highway by the public in the ordinary course of travel.

"This petition seeks to enjoin, not the construction of a street railway which is not laid at grade, or is to be otherwise defectively or dangerously built or laid, but the construction of any street railway, claiming that the use of the street for any such railway is an invasion of the plaintiff's rights as an abutting owner.
. . .

"We think it must now be regarded as settled law that an electric street railway laid to grade is not an additional servitude and does not infringe upon the property rights of those whose lots abut on the street. [Dean v. Railroad, 93 Mich. 330; Koch v. Railroad, 50 Am. and Eng. R. R. Cases (Md.) 401; Lockhart v. Railroad, 139 Pa. St. 419; Railroad v. Railroad, 156 Ill. 255; Taggart v. Railroad, 43 Am. and Eng. R. R. Cases (R. I.) 213.]"

The rule approved in this and other decisions of the Supreme Court is that the construction and maintenance of a street railroad in a public street pursuant to authority granted by the city does not subject the street to a servitude different from that which was contemplated in the original dedication, and the damage to an abutting owner resulting from such use of the street is *dammum absque injuria*. [Nagel v. Railway, 167 Mo. 89; Ransom v. Railroad, 104 Mo. 375; Ruckert v. Railway, 163 Mo. 260.] "The law is quite well settled that

the property-owner must show, to entitle him to recover damages for an obstruction to a highway that the damages are peculiar to him, different in kind and not merely in degree from those suffered by other members of the community." [Rude v. St. Louis, 93 Mo. 408.] But it was said in DeGeofroy v. Railway, 179 Mo. 1. c. 715: "That the power of a city or other municipal corporation in Missouri to authorize the construction of railroads in the public streets is a 'modified right, a right hedged about with many qualifications;' that it does not include the right to grant a railroad the exclusive use of the surface of a street even when laid at grade. [Lockwood v. Railroad, 122 Mo. 86; Sherlock v. Railroad, 142 Mo. 172; Knapp, Stout & Co. v. Railroad, 126 Mo. 26; Lumber Co. v. Railroad, 129 Mo. 455; Corby v. Railroad, 150 Mo. 457.] Neither can the municipal authority grant the power to a railroad company of such use of a street as will destroy or unreasonably interfere with the right of an abutting propertyholder of access to or egress from his property or deprive him of his easement of light and air from the street. The street on which a railroad is constructed on the grade cannot be used for side tracks, the storing of cars, for water tanks or like structures. [Lackland v. Railroad, 31 Mo. 188; Tate v. Railroad, 64 Mo. 149; Spencer v. Railroad, 120 Mo. 154.]"

And it is argued by plaintiff that the doctrine of this case sustains his contention that the installation and maintenance of the spur track, of itself, constituted an unreasonable interference with his right of ingress and egress. We do not think so. Defendant owned the adjoining land and likewise possessed the right of ingress and egress to and from its property. Its use of the property as a place for its barns was a legitimate use. The barns were as much a part of the railroad and perhaps as essential to the proper service of the public as were the main tracks or the cars and the

spur tracks which connected them to the main line were as much a part of the street railroad as were the main tracks themselves. We think the city had the power to grant defendant the privilege of laying and operating the spur track and that the servitude thereby imposed on the street was no different from that contemplated in the original dedication. This spur track was not of the class of constructions to which belong "side tracks, water tanks or like structures." Such structures must be placed on private grounds and their presence in a public street would be a nuisance *per se.* The track in question could not be laid on private property and it was indispensable to the proper operation of the road and, therefore, to the proper service of the public. The damages suffered by plaintiff from the presence of the track had it been properly constructed are general and not special and they afford plaintiff no cause of action.

But it is alleged in the petition and the evidence of plaintiff tends to show that the track was negligently constructed and maintained in the respect that it was placed at an elevation so much above the grade of the street that it offered a serious obstruction in front of plaintiff's property to the free use of the sidewalk. The damages inflicted on plaintiff's property by such negligence are special damages which he is entitled to recover. The right of defendant to lay the track in the street carried with it the duty to construct and maintain it in a proper manner. Defendant had no right to increase the servitude by its negligence and an abutting owner injured thereby suffers an injury not borne by the general public.

It follows from what we have said that no error was committed by the court in overruling the demurrer to the evidence. It likewise follows that the judgment must be reversed and the cause remanded on account of palpable error in the instruction given at the request

of plaintiff. The theory of the instruction is that the track in controversy belonged to the class of constructions that has no proper place in a public thoroughfare, unless it was used in the transportation of passengers. For the reasons stated, this theory is erroneous. We have considered other points made by defendant and find them to be without merit.

The judgment is reversed and the cause remanded. All concur.