HENRY GAUS & SONS MANUFACTURING COMPANY, *Appellant*, v. THE ST. LOUIS, KEOKUK AND NORTHWESTERN RAILROAD COMPANY.

Division Two, December 31, 1892.

1. **Public Street**: ABUTTING OWNER: EASEMENT.  An owner of a lot abutting on a public street, in addition to the ownership of the property itself, enjoys rights appurtenant thereto (*e. g.* the free admission of light and pure air and the right of ingress and egress), which form a part of the estate, and are deemed as much property as the lot itself.

2 ——: ——: ——: DAMAGE: CONSTITUTION.   A public use which would interfere with the foregoing incorporeal rights where the property is depreciated in value is a damage to the property within the meaning of the constitutional provision, "That private property shall not be taken or damaged for public use without just compensation." Constitution art. 2, sec. 21.

3. ——: ——: RAILROAD TRACK: DAMAGE: CONSTITUTION. The laying of a railroad track in the street on grade, under municipal authority, and operating the road in the usual mode is not, however, a new public use for which compensation may be demanded by the abutting owner under the foregoing provision of the constitution.

4. ——: ——: ——: ——: ——.   Such user was merely the exercise of a right which had resided in the public since the dedication of the land to public use.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Mills & Flitcraft* for appellant.

(1) The Missouri Contitution, 1875, article 2, section 21, requires compensation to be paid in advance to owners for such damages to property as were previously considered consequential, and included therein damages to property caused by construction of steam railroads in streets.   *Rude v. St. Louis*, 93 Mo. 416; *Chicago v. Taylor*, 125 U. S. 161; *Railroad v. Ayres*, 106 Ill. 518; *Dupuis v. Railroad*, 115 Ill. 97; *Railroad v. Loeb*, 118 Ill. 208; *Railroad v. Bowman*, 122 Ill. 595; *Railroad v. Moore*, 124 Ill. 329; *Railroad v. Brake*, 125 Ill. 393; *Railroad v. Schneider*, 127 Ill. 124; *Railroad v. Scott*, 132 Ill. 429; *Johnson v. Parkersburg*, 16 W. Va. 402; *Hutchinson v. Parkersburg*, 25 W. Va. 226; *Spence v. Railroad*, 23 W. Va. 406; *Arbenz v. Railroad*, 33 W. Va. 1; *Reading v. Althouse*, 93 Pa. St. 400; *Pusey v. Alleghaney*, 98 Pa. St. 526; *Railroad v. Getts*, 113 Pa. St. 214.   (2) The owner of an abutting lot has a special interest in the street, distinct in kind, and

in addition to that enjoyed by the public in general. Interference with the right of ingress and egress, light, air, access by customers, by teams and vehicles, and the use of the enjoyment of the street, is a damage peculiar to the owner, and protected by the constitution. *Rude v. St. Louis*, 93 Mo. 414; *McQuaid v. Railroad*, 22 Pac. Rep. (Ore.) 899; *Railroad v. Vance*, 115 Pa. St. 325; Dillon on Municipal Corporations, secs. 730–734; *Lackland v. Railroad*, 31 Mo. 186; 34 Mo. 274. (3) Where buildings have been erected, adapted to a particular purpose, and a public improvement is made, which injuriously affects the property and reduces its market value, such a damage is for public use, and requires compensation to be made. *Chicago v. Taylor*, 125 U. S. 161; *Railroad v. Moore*, 124 Ill. 329; *Railroad v. Bowman*, 122 Ill. 595; *Dupuis v. Railroad*, 115 Ill. 97; *Railroad v. Brake*, 125 Ill. 393; *Railroad v. Schneider*, 127 Ill. 144; *Railroad v. Getts*, 113 Pa. St. 214; *Railroad v. Vance*, 115 Pa. St. 325; *Laflin v. Railroad*, 33 Fed. Rep. 415; 34 Fed. Rep. 859. (4) Damage to property caused by dust, smoke, noise and vibration produced by steam railroads in streets are elements of damage to be considered. *Adams v. Railroad*, 39 N. W. Rep. (Minn.) 629; *Railroad v. Hall*, 78 Tex. 169; *Railroad v. Loeb*, 118 Ill. 208; Lewis on Eminent Domain, sec. 230; Mills on Eminent Domain [2 Ed.] sec. 193. (5) The proper remedy is an injunction, until the damage to plaintiff's proprietary rights is ascertained and paid. *Carpenter v. Gresham*, 59 Mo. 247; *McPike v. West*, 71 Mo. 199; *McElroy v. Kansas City*, 21 Fed. Rep. 257; *Railroad v. Witherow*, 82 Ala. 195; *Weyl v. Railroad*, 69 Cal. 202; *Macon v. Harris*, 75 Ga. 761; *Railroad v. Ray*, 84 Ga. 376; *Cox v. Railroad*, 48 Ind. 194; *Railroad v. Rodell*, 89 Ind. 129; *Railroad v. Smith*, S. Ct. Ind. 15 N. E. Rep. 256; *Harrington v. Railroad*, 17 Minn. 215;

*Wagner v. Railroad,* 38 Oh. St. 32; *Jordan v. Railroad,* 3 Whart. 502; *Borough of Verona,* 108 Pa. St. 83. (6) It is the province of a jury to determine the extent of the damage. *Lackland* of *Railroad* 34 Mo. 276; Constitution, art. 12, sec. 4. (7) The track is not laid according to ordinance. *Railroad v. Chicago,* 121 Ill. 176; *Lamm v. Railroad,* 45 Minn. 71; Revised Statutes, 1889, sec. 2543; *State v. Railroad,* 86 Mo. 291.

*John G. Chandler* for respondent.

(1) Where a railroad is located and constructed in a street in a city, under authority of the municipality, and on the established grade of the street, such construction of the railroad and the use thereof for transportation of freight and passengers, by steam power, are lawful, and within the purpose for which the street was dedicated; and any incidental delay or inconvenience caused by the passage of the trains to the abutting lot owners, either by obstructing ingress to or egress from their property, or from dust, smoke, noise or vibration, is not a damage, the subject of compensation within the meaning of article 2, section 21 of the constitution of Missouri. *Julia Building Association v. Bell Tel. Co.,* 88 Mo. 258; *Railroad v. Railroad,* 97 Mo. 457; *Van DeVere v. Kansas City,* 107 Mo. 83; *Smith v. Railroad,* 98 Mo 20; *Randall v. Railroad,* 65 Mo. 325; *Railroad v. St. Louis,* 66 Mo. 228; *Tate v. Railroad,* 66 Mo. 150; *Lackland v. Railroad,* 34 Mo. 259; *Lackland v. Railroad,* 31 Mo. 181; *Porter v. Railroad,* 33 Mo. 128; *McMahon v. Railroad,* 6 South. Rep. (La.) 640; *Jackson v. Railroad,* 41 Fed. Rep. 656. (2) Even if the abutting lot owner were damaged by such use of the street, within the meaning of the constitution, he would not be entitled to an injunction, but must sue at law. *Stetson v. Railroad,* 75 Ill. 74;

*Patterson v. Railroad,* 75 Ill. 588; *Railroad v. Shertz,* 84 Ill. 135; *Rigney v. Chicago,* 102 Ill. 79; *Mills v. Parlin,* 106 Ill. 60; *Truesdale v. Peoria G. S. Co.,* 101 Ill. 561; *McMahon v. Railroad,* 6 South. Rep. (La.) 640; *Arbentz v. Railroad,* 10 S. E. Rep. (W. Va.) 14; *Ohio River Co. v. Gibbons,* 12 S. E. Rep. (W. Va.) 1093; *Yates v. Town of West Grafton,* 12 S. E. Rep. (W. Va.) 1075; *Spence v. Railroad,* 23 W. Va. 406; *Campbell v. Railroad,* 23 W. Va. 238; *Smith v. Railroad,* 23 W. Va. 451; *Hale v. Railroad,* 23 W. Va. 454; *Lorie v. Railroad,* 32 Fed. Rep. 270; *Osborne v. Railroad,* 35 Fed Rep. 84; *Hutton v. Railroad,* 7 Hare, 259; *Lister v. Lobley,* 7 Adolph. & E. 124; *Denver v. Railroad,* 17 Pac. Rep. (Col.) 777. (3) The respondent's tracks were laid under authority of the city and in accordance with the ordinance. *Vide* ordinances, numbers 15,377 and 13,876, set out in the record.

MACFARLANE, J.—This suit is to enjoin defendant from laying a track and operating a railroad laterally along Main street in the City of St. Louis in front of the property of plaintiff until compensation for damages thereto should be ascertained and paid. Upon a trial in the circuit court, plaintiff's petition was dismissed and they appealed. A preliminary injunction which was granted at the beginning of the suit was dissolved, and the road had been built and was in use when the case was tried.

The petition charged, and the evidence showed that Main street is, and for many years has been an improved, graded, guttered, curbed and paved public highway, running north and south through the city of St. Louis; that plaintiffs own the entire block fronting on Main street between Clinton and Madison streets, and have thereon a two story and basement, factory, having a front of two hundred and forty feet

by a depth eastwardly of one hundred and thirty feet, which was erected for the special purpose of, and was adapted by its construction to use as a planing mill, sash, door, blind and box factory and was used as such; that the building fronts on Main street and is so constructed that the only front which is adapted for receiving and shipping lumber from the street, is the Main street front; that the building is constructed with doors and drive ways opening on Main street for the purpose of receiving lumber and shipping out the product of its said factory; that Main street has a width of eighty feet; that the Merchants' Terminal Railroad Company has also a double track railway along said street, the easternmost rail being within fifteen and one half feet of the curb in front of the factory; that plaintiffs and their customers had theretofore had free access to said factory by driving wagons and other vehicles over Main street to its front, and, for the purpose of carrying thither or removing therefrom lumber or mill work, have been able to enter said premises from Main street front by means of doors and entrances provided, and have been able to have wagons, and vehicles stand on the street, in front of the factory, for the purpose of receiving and discharging lumber and mill work; that there is in front of said premises a side walk made of plank and cinders fifteen feet wide from the building line to the curb of the street; that the defendant threat ened and was about to occupy and obstruct said street by laying thereon in front of said factory, and operating by steam locomotives thereon, double tracks, thereby permanently obstructing said street, and not leaving space between the track and the building sufficient to permit of standing wagons and other vehicles, without constant danger of collision with engines and cars passing to and fro over said tracks, all of which would

wholly destroy the use of the street as a thoroughfare, and tend to manifest wrong and injury of plaintiff, and damage of his said property. The damage to the property as charged consisted in the prevention of free ingress and egress to and from the streets, noise and smoke, damage from fires, shaking and vibration of building, all caused by the passage of engines and cars over the street in such proximity to the premises.

Defendant answered, setting up authority by virtue of an ordinance of the city, granting it the license and right to construct a double track railroad along Main street. The ordinance required that the tracks should conform to established grades of the street crossed and occupied. The ordinance and its provisions were not denied. The evidence satisfies us that the tracks were built in a careful and skillful manner and in compliance with the requirements of the ordinance.

I. We are satisfied from an examination of the evidence that plaintiff's property has been somewhat depreciated in value by reason of the construction of the railroad along the street, and the movements of engines and trains thereon. The inquiry to be made is whether the damages thus inflicted are such as are contemplated by section 21, article 2, of the state constitution, which ordains: "That private property shall not be taken or damaged for public use without just compensation."

It is not claimed by plaintiff that there was any physical injury done to their property, or that their possession was disturbed. It was also shown to our satisfaction, or conceded under the pleadings, that Main street was dedicated without restrictions to general use as a highway; that defendant was authorized by the charter and ordinances of the city to lay its tracks along said street, and to move thereon cars, propelled by steam locomotives, for the transportation of persons and

property; and that the track was laid on the established grade of the street, and was constructed in a careful and skillful manner, and in strict compliance with the requirements of the ordinance.

On the other hand, it must be conceded by defendant, because it is too well settled to admit of question, that every owner of a lot abutting on a public street, beside the ownership of the property itself, has rights appurtenant thereto, which form a part of the estate. Those rights are said to be "as much property as the lot itself." Of these may be named an easement for the free admission of light and pure air, and the right of ingress and egress to and from his property. *Rude v. St. Louis*, 93 Mo. 413; *Lackland v. Railroad*, 31 Mo. 183; *Story v. Railroad*, 90 N. Y. 145; *Adams v. Railroad*, 39 N. W. Rep. (Minn.), 629; *Railroad v. Heisel*, 38 Mich. 62.

In the last case cited, the right is well expressed as follows: "Every lot owner has a 'peculiar interest in the adjacent street, which neither the local nor the general public can pretend to claim; a private right in the nature of an incorporeal hereditament, legally attached to his contiguous ground; an incidental title to certain facilities and franchises,' which is in the nature of property, and which can no more be appropriated against his will than any tangible property of which he may be owner." Depriving the owner of these incorporeal hereditaments, or interfering with their full enjoyment, by appropriating the street to a new and different public use to that originally contemplated, would undoubtedly be a damage within the foregoing constitutional provision.

In the *Van DeVere Case*, 107 Mo. 91, the question as to what would constitute a damage, where there was no physical invasion of the property itself, was very carefully considered by this court. After quoting

approvingly the views of some of our most eminent text writers, the court, speaking through Judge BLACK, of the right of one to recover damages, said: "What we do say is this, that he must show that the property itself, or some right or easement connected therewith, is directly affected, and that it is specially affected." We think a public use which would interfere with these incorporeal rights, whereby the property was depreciated in value, would be a damage to the property within the meaning of the constitution, and would entitle the owner to compensation.

II. The vital question in this case we do not think turns upon the character of the rights of plaintiffs which were interfered with, but whether there was an interference at all. In other words, the question is whether laying the railroad track in the street, on grade, under municipal authority and operating the road in the usual manner, was applying the street to a *new* public use which required the payment of compensation for damages to the property, or, whether doing so was merely exercising, by authority, a right which had resided with the public since the dedication of the land to public uses.

When land is dedicated generally and without restrictions, or condemned for a public street in a town or city, the owner of the abutting lots who secures the benefit of the street, and persons also who purchase and improve property thereon, hold their property rights subject to all the uses to which the street can be lawfully subjected by the public. New uses in the improvement in the mode of travel and transportation are constantly arising. When there is no restriction on the public use, new modes of use may be adopted which are consistent with the proper use of the street, without the consent of abutting owners, though such new uses may interfere somewhat with their own con-

venient use of the street. Judge NORTON, expressing
the opinion of a majority of this court in a recent case,
says: "I think it may be safely affirmed that all the
authorities, to which we have been cited by counsel on
both sides of this case, agree, that when the public
acquires a street, either by condemnation, grant or
dedication, it may be applied to all uses consistent
with, and not subversive of the proper uses of a street,
and not inconsistent with the uses contemplated in the
dedication, grant or condemnation, and that it is only
when the street is subjected to a new servitude,
inconsistent with and subversive of its use as a street,
that the abutting owner can complain." *Julia Building
Ass'n v. Bell Tel. Co.*, 88 Mo. 273.

III. There has been great diversity of opinion
among the courts of this country as to whether, though
under proper legislative authority, laying a track on
the established grade and operating a steam railroad
thereon in the transaction of commercial business
along a street, is subjecting the street to a public use
not contemplated in a general grant or dedication.
Whatever the rule may be elsewhere, this court has
been uniform in holding that such a use is not a per-
version of the highway from its original purposes.
*Lackland v. Railroad*, 31 Mo. 183; *Porter v. Railroad*,
33 Mo. 128; *Cross v. Railroad*, 77 Mo. 321; *Julia Build-
ing Ass'n case, supra; Smith v. Railroad*, 98 Mo. 24;
*Railroad v. Railroad*, 97 Mo. 469; *Rude v. St. Louis*,
93 Mo. 408.

In the early case of *Porter v. Railroad, supra*,
Judge BATES says: "Upon deliberation, we think
that the use of the street for purposes of a railroad, in
its ordinary use as a means of travel and transporta-
tion, is not a perversion of the highway from its orig-
inal purposes, and was authorized by the General
Assembly in the charter of the defendant. The dam-

age to the plaintiff's property resulting from such obstruction was *damnum absque injuria.*"

Judge HENRY, in *Cross v. Railroad, supra,* says: "Conceding the right to lay the track in the street and its proper construction at the grade of the street, the company was not liable for any inconvenience to property holders resulting from a proper and prudent operation of the road."

Judge NORTON recognized the rule in *Julia Building Ass'n case, supra;* Judge BLACK in the *Rude case, supra;* Judge BARCLAY in *Smith v. Railroad, supra,* in opinions written by them respectively; and Judge BRACE in *Railroad v. Railroad,* 97 Mo. 469, after stating that the only damage suggested by the lot owner from the use of the street by the railroad is that resulting from the movement of trains, and the occupation of space on the street in doing so, says: "But that space being in a public street, the defendants' tracks having been authorized to be laid by the city, its use by the defendant for the purposes of passing to and fro over it with its trains is a legitimate use belonging to the defendant company, as well as to the plaintiff, in common with every other citizen desirous of passing over it with his vehicles."

These decisions from our own court show that the doctrine is firmly established in the jurisprudence of this state, and there is no occasion for an examination or review of the decisions of other states which hold to the contrary.

It appears from the evidence that the only substantial damage, which was special to plaintiff, and not common to the public, shown by them, consisted in the interference with their free access from the street to their factory; the obstruction of the light and air across the open street; smoke, cinders and dust from engine and cars; noise and jarring of the ground, all

caused by the movement of trains. These may cause damage to, and depreciation of the property, but the damage results from a legitimate use of the street, and which might have been anticipated by plaintiffs as a probable use when they bought their property and erected their improvements. *Cross v. Railroad, supra; Railroad v. Railroad, supra.*

The public use was fixed when the street was granted or dedicated. The license granted by the city to the defendant to lay its tracks upon the streets and run engines and cars thereon, in the transportation of passengers and property, was not a rededication to a new and distinct public use, but was a mere license to use it in a way contemplated by the owner of the land when he subjected it to such uses. The lots were purchased, held and improved, not only in view of the advantages of the street, but also subject to the burdens of all consistent public uses which the increasing wants of the public might thereafter demand.

IV. For any damages that may be caused by unlawful or negligent maintenance of the track in the street or by negligent use of engines or movement of trains, defendant will be liable in an action for damages. Plaintiffs have shown no ground for injunction, and the judgment is affirmed. All concur.