CHARLES BANKS STOUT, Appellant, v. OLIVER FRICK and EVERETT FRICK.—62 S. W. (2d) 1057.

Division One, August 24, 1933.

*Jesse H. Schaper* and *Randolph H. Schaper* for appellant.

*George B. Calvin* and *James Booth* for respondents.

GANTT, J.—Action to reform a deed. Judgment for defendants, and plaintiff appealed.

In substance the petition alleged that plaintiff owned the north half of block 32 of a certain addition in Washington, Missouri: that on March 9, 1927, he and wife conveyed to defendants by warranty deed the west fifty-six feet and two inches of said land with a three-story brick building and other improvements thereon; that the defendants paid plaintiff a valuable consideration for the land and improvements; that at the time plaintiff owned and operated the Washington Flour Mill situated on the eastern part of said land;

that he continued to own and operate said mill and was the owner and operator of the mill at the time of the trial; that in 1900 the Missouri Pacific Railroad Company constructed and since has maintained a spur side track in the street in front of the north half of said block 32 for the use and benefit of plaintiff in operating said mill; that on said track freight cars are moved and stored in the shipment of grain purchased and products sold by plaintiff in connection with the milling business; that said use of the track is a valuable property right of the plaintiff, without which the mill would be of little or no value; that by said deed plaintiff intended to convey and defendants intended to purchase said land, subject to a reservation as follows: "The parties of the first part hereby reserve all right to the railroad switch in Front Street in front of said building;" that by mistake of the scrivener said reservation was omitted from the deed and for that reason the deed did not express the mutual intent of the parties; that it was executed and delivered by plaintiff and wife and received by defendants under a mutual mistake of fact as to said reservation; that defendants refuse to correct the mistake in said deed, and plaintiff prayed that the deed be reformed to conform with the mutual intent of the parties.

The answer admitted the execution and delivery of the deed, admitted that the fifty-six feet and two inches of land was conveyed to defendants by plaintiff and denied all other allegations of the petition.

The question of jurisdiction of this appeal confronts us. The interest of the public in a street is an easement and the city holds title to same in trust for the use of the public. [Neil v. Independent Realty Co., 317 Mo. 1235, 1253, 298 S. W. 363.] Absent pleading and proof on the question, it must be presumed that the owners of land abutting on a street own the fee to the center of the street. [Neil v. Independent Realty Co., supra.] This ownership is subject to all lawful uses of the street. In Gaus & Sons Mfg. Co. v. St. L., K. & N. Ry. Co., 113 Mo. 308, l. c. 317, 20 S. W. 658, we said:

" 'I think it may be safely affirmed that all the authorities, to which we have been cited by counsel on both sides of this case, agree, that when the public acquires a street, either by condemnation, grant or dedication, it may be applied to all uses consistent with, and not subversive of the proper uses of a street, and not inconsistent with the uses contemplated in the dedication, grant or condemnation, and that it is only when the street is subjected to a new servitude, inconsistent with and subversive of its use as a street, that the abutting owner can complain.' [Julia Building Assn. v. Bell Tel. Co., 88 Mo. 273.]

828

"III. There has been great diversity of opinion among the courts of this country as to whether, though under proper legislative authority, laying a track on the established grade and operating a steam railroad thereon in the transaction of commercial business along a street, is subjecting the street to a public use not contemplated in a general grant or dedication. Whatever the rule may be elsewhere, this court has been uniform in holding that such a use is not a perversion of the highway from its original purposes." To the same effect Brown v. C. G. W. Ry. Co., 137 Mo. 529, 38 S. W. 1099; The Julia Bldg. Assn. v. Bell Tel. Co., 88 Mo. 258; Foudry v. Railroad, 130 Mo. App. 104, 109 S. W. 80; Stephenson v. Mo. Pac. Ry. Co., 68 Mo. App. 642.

██ Of course, a city is not authorized to either destroy a street as a thoroughfare for the public, or destroy the abutting property owner's right of ingress and egress to his property. [Lockwood v. Wabash Ry. Co., 122 Mo. 86, 26 S. W. 698; Corby v. C. R. I. & P. Ry. Co., 150 Mo. 457, 52 S. W. 282.] However, if the use of a street is lawful under the dedication, it is not a new and additional servitude on the fee and does not involve the title of abutting owners.

██ ██ In the instant case it must be presumed that the track in question was constructed and has been maintained by authority of the city. The city could not authorize an additional burden on the fee. It could only control the use of the street under the dedication. The reservation in question is directed only to a continuance of the track in the street and its use as authorized by the city. In other words, the reservation is not directed at the fee of the abutting owners. If so, the title to real estate could not be involved. The title must be in dispute in the suit resulting in the judgment. [Weil v. Richardson, 320 Mo. 310, 7 S. W. (2d) 348; Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771.] The judgment in this case could not directly affect the title of abutting owners, and the case is ordered transferred to the St. Louis Court of Appeals. All concur.