Marvin W. STEGMAN et al.,
Appellants,

v.

SPRAGUE EXCAVATING COMPANY,
INC., et al., Respondents.

No. WD 34971.

Missouri Court of Appeals,
Western District.

July 24, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 2, 1984.

Ronald M. Sokol, St. Joseph, for appellants.

John K. Thomas, Strop, Roberts & Thomas, St. Joseph, for Southwestern Bell Telephone Co.

Errol D. Taylor, Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, for Sprague Excavating Co., Inc.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

Marvin Stegman and his wife filed suit against Southwestern Bell Telephone and Sprague Excavating Company for damages for trespass and for ejectment. The court entered judgment in favor of Bell and Sprague on a jury verdict in their favor.

Stegman contends that he was entitled to a directed verdict on the question of liability. He claims that Bell had no right to lay a telephone cable in his front yard which was a part of the dedicated street, and that Bell did not have a permit from the city to lay the cable. Affirmed.

The Stegmans owned a lot in a subdivision in St. Joseph. About 12 feet of the lot which adjoined the paved street serving the Stegman lot was a part of the dedicated street. The Stegmans contended that they maintained this 12 feet as a part of their front yard and, thus, were in possession of same when Bell caused its contractor, Sprague, to cut a 3 inch trench within the 12 feet and next to the curb line for the installation of a 1½ inch telephone cable. The size and location of the cable are undisputed.

The cable crossing the Stegman lot was part of a project undertaken by Bell to lay about 40,000 linear feet of cable in the city. Part of the cable was laid in street right-of-ways and part was located in easements. Sprague had a contract with Bell to lay cable for the entire project.

When the Sprague operation reached the Stegman lot the original plans called for cable to be laid in a sewer easement across the back of the lot. When Stegman learned of the plan to lay the cable in that location he objected on the ground that the easement was for sewer use only and that Bell was not authorized to utilize such easement. Bell investigated and concluded that Stegman was correct. Thereupon, the plans were changed to lay the cable across several lots including the Stegmans' in the portion of the lots dedicated for street use but not paved. The unpaved area dedicated for street use appeared to be a part of the front yard of each lot.

When Sprague began the laying of cable across the Stegman lot in that portion dedicated for street use, Stegman protested and threatened to sue. Stegman talked with the city concerning whether or not Bell or Sprague had obtained a permit from the city to lay cable in the street right-of-way adjoining his lot.

After Stegman introduced evidence showing the above facts, he called as his own witness Richard Sprague, the president of Sprague Excavating. In an effort to prove that neither Sprague nor Bell had obtained a permit from the city to utilize the street right-of-way adjoining the Stegman lot, counsel inquired of Sprague whether a permit had been obtained from the city. Sprague testified that plans which had been presented to the city showed the overall project, including the laying of cable in the street right-of-way at several locations. Sprague said that a number of permits had been issued approving the entire project. Sprague stated that when it was necessary to change the location of the cable on the Stegman lot he called the city office concerned with permits and notified the city of the change in location of the cable. He stated that was the customary practice. He said he was informed by city officials that no specific permit was required to be issued for the laying of the cable in the right-of-way adjoining the Stegman lot, but that city records would be changed to show that the cable had been placed in the street right-of-way at that location. Sprague further said that he was advised by the city officer that a homeowner had complained about the laying of the cable and the city did not want to get involved in that controversy, but that the cable was o.k. Sprague again inquired whether another permit was needed and was advised that it was not.

Sprague called as his witness Gary Leftin, Planning and Programming Manager in the Department of Public Works of the city. Leftin stated that if he had been requested to issue a permit for the placement of the cable, he would have done so prior to the laying of cable in the street right-of-way across Stegman's lot. He stated that the location of the cable in the street right-of-way on the Stegman lot did not violate any city policy.

Although the Stegmans' petition did not plead that Bell and Sprague failed to obtain a city permit to lay cable in the street right-of-way adjoining their lot, their trial theory was that such a permit was not obtained. In an effort to prove the failure to obtain a permit Stegman called Richard Sprague as a witness. Sprague was an adverse witness under § 491.030, RSMo. 1978, and *Bartleman v. Humphrey*, 441 S.W.2d 335, 349[27] (Mo.1969).

Sprague testified that the entire project was approved by the issuance of a number of permits. He further testified that the city was advised of the change of location of the cable at the Stegman lot, that the city advised him that no additional permit was needed, and that city records were changed to reflect the new location. By calling Sprague as an adverse witness Stegman bound himself to the direct testimony of Sprague to the extent that it was uncontradicted or was the only evidence on the point. *Hosmer v. Hosmer*, 611 S.W.2d 32, 36[8] (Mo.App.1980). Sprague's testimony was the only evidence adduced by

Stegman on the question of whether or not the city had issued a permit for the location of the cable in the right-of-way adjoining the Stegman lot. Further, Sprague's testimony was not contradicted but, in fact, was corroborated by the testimony of Leftin.

■ Stegman argues that because the city did not issue a permit specifically authorizing the laying of cable in the street right-of-way adjoining his lot, no permit was obtained. However, this argument overlooks the evidence. The entire project was approved by permits. When it became necessary to change the location at the Stegman lot the city was notified and replied that city records would be changed but that no new permit was required for the Stegman lot. The city approved the laying of cable in the street right-of-way in various locations and on the Stegman lot. The evidence by which Stegman is bound shows the city in fact consented to the use of the street right-of-way across his lot. Also, it may be inferred that the reason an additional permit to cross Stegman's lot in the right-of-way was not issued was due to the threats of Stegman to sue and the city's desire to avoid being drawn into litigation. There was no evidence that the city objected to the location of the cable on Stegman's lot or that the cable's location violated any city code or ordinance. That being the case, Stegman was not entitled to a directed verdict of liability.

Stegman also contends that Bell had no right to use the right-of-way adjoining his lot because the dedication was for street purposes only and such dedication did not permit the laying of a telephone cable within the dedicated street right-of-way. In *Stout v. Frick*, 333 Mo. 826, 62 S.W.2d 1057, 1058[1–3] (1933), the court said that absent proof to the contrary it will be presumed that the owners of land abutting on a street own the fee to the center of the street, subject to all lawful uses of the street. In *City of Camdenton v. Sho-Me*

*Power Corp.*, 361 Mo. 790, 237 S.W.2d 94, 98[5] (1951), the court quoted from a Michigan case to the effect that dedication of property for the purpose of a highway carries the right to public travel and also the use for all agencies commonly adopted by public authority for the benefit of the people, such as telephone systems.

In *Franke v. Southwestern Bell Telephone Company*, 479 S.W.2d 472, 476[1] (Mo.1972), the court held that Bell acquired authority under § 392.080, RSMo 1969, to use a portion of highway right-of-way which was not actually within the traveled portion for the location of its underground cables.[1] Section 391.080, RSMo 1978, presently authorizes telephone and telegraph companies to run wires under any public street in such a manner as not to incommode the public in the use of such street provided the company shall obtain the consent of any city whose streets are used.

■ Clearly the dedicated street right-of-way adjoining the Stegman lot was available for the laying of the telephone cable. As demonstrated herein, Stegman's evidence proved the city consented to the laying of the cable in the right-of-way adjoining his lot. When such consent was obtained Bell had the right to lay its cable without incurring liability to Stegman. For that reason the motions of Bell and Sprague for a directed verdict at the close of all of the evidence should have been granted. However, since the judgment is for the right parties it will be affirmed.

Stegman raises other points concerning trial error which are not addressed since the case should not have been submitted to the jury.

Judgment affirmed.

All concur.

---

**1.** Neither *Franke* nor the case at bar involves the 1974 amendment to § 392.080 giving a telephone utility a vested property interest in public land in which its cables and conduits have been placed. That amendment was declared unconstitutional in *Planned Industrial Expansion Authority of the City of St. Louis v. Southwestern Bell Telephone Company*, 612 S.W.2d 772 (Mo. banc 1981).